## KOEPPEN v. HARMS.

TRUSTS—EVIDENCE—STATEMENTS—COMPETENCY.

In a suit to have defendant declared trustee of certain funds, statements of the person from whom defendant received the funds, in relation to his having provided for complainants, made when defendant was not present, are incompetent.

Appeal from Wayne; Hosmer, J. Submitted April 5, 1900. Decided May 15, 1900.

Bill by John Koeppen and Luella Koeppen, infants, by Helen Thompson, their next friend, against Theodore Harms, Caroline Harms, and others, to enforce a trust. From a decree denying, in part, the relief asked, complainants appeal. Affirmed.

*James H. Pound*, for complainants.

*Morse Rohnert*, for defendants.

MOORE, J.  The complainants filed a bill against Theodore Harms for the purpose of having him declared a trustee, having in his possession $2,000, and interest thereon, belonging to complainants.  Caroline Harms is the wife of Theodore Harms.  The other defendants have no interest in the litigation.  The complainants are grandchildren of John Koeppen.  Mrs. Harms was his daughter.  For a considerable time before his death, Mr. Koeppen made his home with Mr. and Mrs. Harms.  It is claimed that, for the purpose of providing a fund of $1,000 for each of the complainants, Mr. Koeppen assigned a mortgage and furnished money to Mr. Harms.  The latter admits the assignment of the mortgage, amounting to $1,500, but denies that any money or property other than this came to his hands for the complainants.  In his answer he asks to be relieved of his trust.  The circuit judge made a decree for the amount of the mortgage and interest, and relieving Mr. Harms from the trust.  From that decree, complainants have appealed.

The testimony was taken in open court.  A good deal of the testimony offered upon the part of the complainants consisted of statements said to have been made by John Koeppen in relation to his having provided for the complainants.  Some of these statements were made when Mr. Harms was not present, and were incompetent.  Testimony was also offered tending to show admissions on the part of Mr. Harms.  This was contradicted by him.  Wills made by Mr. Koeppen, the mortgage, its assignment, the bank accounts of Mr. Koeppen, of Mr. Koeppen and Mr. Harms jointly, the bank account of Mr. Harms, affidavits made in a divorce proceeding between Mr. Koeppen and his last wife, and documentary evidence, were received.  The questions involved are purely questions of fact.  The testimony was conflicting.  The circuit

judge heard and saw the witnesses, and, we think, made a proper disposition of the case.

The decree is affirmed, with costs.

The other Justices concurred.